IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINITY GORE,

      Petitioner,

v.                                                      CIV 11-1111 MCA/KBM

JAMES JANECKA, Warden,

      Respondent.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on Trinity Gore's self-styled and *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Doc. 7.*  Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008), *cert. denied,* 129 S. Ct. 2058 (2009).  All of the issues can be resolved on the record before me and, therefore, an evidentiary hearing is unnecessary.  *E.g., Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Thacker v. Workman,* 678 F.3d 820, 836 (10th Cir. 2012), *cert. denied,* No. 12-7135, 12A218, 2013 WL 57436 (U.S. Jan. 7, 2013); Rule 8(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

      Petitioner pleaded no contest to aggravated battery and aggravated burglary, and received a base sentence of sixteen years enhanced by four years due to his status as a habitual offender.

The written "Repeat Offender Plea And Disposition Agreement" attached to the petition expressly made "no agreements as to sentencing," *Doc. 8-2* at 2, but specifically advised Petitioner that he would be "subject to habitual offender proceedings based on the convictions" listed in the plea. *Id.* at 3; *see also id.* at 5 (Petitioner's signature on the agreement dated 1/19/10 indicating that he had read the agreement, discussed it with his attorney and understood all terms of the agreement), *id.* at 7 (trial judge's signature dated 1/19/10 concluding the same).

Contrary to the plain terms of the agreement, Petitioner now contends he was promised a sentence of sixteen years and asks this Court to amend his sentence by suspending the additional four years. *See Doc. 7* at 14-18, 46. He raises several other claims, which the Response well summarizes, ranging from failure to disclose exculpatory information to ineffective assistance of counsel. *See Doc. 15* at 4-9; *see also Doc. 7* at 23-45.

The Response also sets out in comprehensive detail why this petition is untimely under the applicable one-year statute of limitations. *See Doc. 15* at 9-13; *see also, e.g., Prendergrast v. Clements,* 699 F.3d 1182, 1185 (10th Cir. 2012) ("AEDPA sets a one-year limitations period for filing a § 2254 application... the limitations period begins to run on the latest of four possible dates."); *Stuart v. Utah,* 449 F. App'x 736, 737-38 (explanation of calculation for tolling periods and "anniversary method"). The analysis is straightforward and well-settled.

To recap briefly, the statute began to run thirty days after Petitioner's March 1, 2010, sentence because he did not pursue a direct appeal. When he instituted state habeas proceedings on January 4, 2011, which tolled the statute, all but approximately three months of the federal statute had already expired. The state proceedings ended some two months later, on February 28, 2011, when Petition failed to appeal the trial judge's January 26, 2011 denial of state habeas relief. To be timely given these events, Petitioner was required to file with this Court by the end

of May 2011.  He delayed for some six months after that deadline passed, however, in both asking the New Mexico Supreme Court for permission to appeal late (a request that it denied within three days), and in asking this Court to lodge a federal action.  *See Doc. 15* at 11-12 (filed with state court 11/15/11, denied 11/18/11); *see also Doc. 1* at 2-3 (date of Petitioner's signature on initial filing with this Court 11/15/11); *Doc. 15-1* at 5, 15 (documents showing relevant dates for calculation purposes and state docket sheets), *Doc. 15-2* at 1, 4, 8-16 (same).  Nothing in any portion of the federal record even remotely suggests grounds for equitable tolling.  *See, e.g., United States v. Denny,* 694 F.3d 1185, 1189-92 (10th Cir. 2012), *petition for cert. filed 12/21/12; Woodward v. Cline,* 693 F.3d 1289, 1294 (10th Cir.), *cert. denied,* 133 S. Ct. 669 (2012). Petitioner will have the opportunity to raise any such grounds at the objections stage.

Because the petition is plainly time-barred, the Court need not address Respondent's alternative arguments that Petitioner's claims are procedurally defaulted and without merit.  *See Doc. 15* at 15-16.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2254 petition be dismissed as untimely and this action dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE